# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWAYNE MARTIN,**

    **Petitioner,**

v.                                  **Case No. 4:03cv239-WS/MAF**

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner Dwayne Martin, a state inmate proceeding pro se, has filed a "Motion Rule 60(b) for Relief of Judgment or Order." ECF No. 10. Respondent has filed a response to the motion, with exhibits. ECF No. 16. Martin has filed a reply. ECF No. 19.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). For the reasons stated herein, Petitioner's motion (ECF No. 10) should be dismissed as an unauthorized successive § 2254 petition.

## Background

On August 13, 1999, at the conclusion of a trial in Leon County Circuit Court case 1998-CF-2824, the jury found Petitioner Dwayne Martin guilty of

(1) burglary with assault, a first degree felony punishable by life in prison, in violation of section 810.02(2)(a), Florida Statutes; (2) trespass of an occupied structure, a first degree felony punishable by life in prison, in violation of section 810.02(2)(a), Florida Statutes; (3) armed burglary of a dwelling, a first degree felony punishable by life in prison, in violation of section 810.02(2)(b), Florida Statutes; and (4) resisting arrest without violence, a first degree misdemeanor, in violation of section 843.02, Florida Statutes. Ex. B (verdict).[1] The offenses occurred July 12, 1998. Ex. A. On December 1, 1999, Judge George S. Reynolds sentenced Martin to life in prison as a Prison Releasee Reoffender (PRR) on Counts 1 and 3, and to 365 days' time served on Counts 2 and 4, with all sentences concurrent. *See* Exs. C at 28-29 (sentencing transcript); D (judgment and sentence).

On July 31, 2003, Petitioner Martin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, raising six grounds, including five alleging ineffective assistance of counsel and one asserting a due process violation. ECF No. 1; Ex. E. On September 23, 2003, Respondent filed an answer, addressing each of the grounds raised. ECF No. 4. On July 23, 2004, the U.S. Magistrate Judge Allan Kornblum entered

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's response to the Rule 60(b) motion, ECF No. 16.

a Report and Recommendation that the 2254 petition be denied. ECF No. 5; Ex. G. Martin filed no objections. On August 27, 2004, U.S. District Judge Stephan P. Mickle adopted the Report and Recommendation and denied the petition. ECF No. 6; Ex. H. The Clerk of Court entered the judgment on August 31, 2004. ECF No. 7; Ex. I. Martin did not appeal.

Over eighteen (18) years later, on November 8, 2022, Martin filed the "Motion Rule 60(b) for Relief of Judgment of Order." ECF No. 10. He states that he "moves for relief of judgment/order entered in the above-styled and numbered cause" and indicates this motion "is filed pursuant to Fed. R. Civ. P. 60(b)(6) catchall provision that allows the reopening of a judgement where the movant shows any other reasons that justifies relief, and there is not specific time limitation on a rule 60(b)(6) motion." *Id*. at 1. He argues "the [state] trial court erred, abused its discretion and departed from the essential requirements of the law invading the province of the jury under the alternative theory in the imposition of a life sentence due to an unenforceable felony of battery that is a non-qualifying enumerated offense under the PRR statute 775.082 violating Petitioner's Fifth Amendment right of due process to the U.S. Constitutional right to a fair trial." *Id*. at 5. Citing <u>Hackley v. State</u>, 95 So. 3d 92 (Fla. 2012), he argues that "[t]he jury verdict reflects that [he] was convicted of a battery that did not qualify him for PRR sentencing."

Case No. 4:03cv239-WS/MAF

*Id*. at 7.  He further argues that, "[t]o enhance [his] sentence" pursuant to the PRR statute, "the grounds for enhancement must be charged in the information and found by the jury in a special interrogatory verdict form" and [t]o do otherwise is an invasion of the jury based upon a general verdict form."  *Id*. at 9.  He thus asserts "the record demonstrates that the trial court relied upon an impermissible sentencing factor under the PRR Statute that was not an enumerated offense" and "this was an error that was obvious and appeared that trial counsel failed to object to and had counsel objected to the error it would have been reserved for appella[te] review."  *Id*. at 10.  He also asserts his "postconviction counsel was ineffective for failing to raise ineffectiveness of trial counsel that was obvious and apparent on the face of the record."  *Id*.

Respondent argues that, in his Rule 60(b) motion, Petitioner Martin "asserts nothing irregular about the § 2254 proceedings in this Court; indeed, he takes no issue with this Court's denial of any of the six claims on which he sought relief."  ECF No. 16 at 4-5.  Rather, Respondent asserts that Petitioner argues he is entitled to relief because he has now learned that his PRR life sentences violate <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and accordingly, his trial, appellate, and post-conviction attorneys provided ineffective assistance.  *Id*. at 5.  Thus, Respondent argues, Petitioner

Martin is raising new claims, rather than attacking the integrity of the earlier § 2254 proceeding, and his Rule 60(b) motion actually constitutes a second or successive § 2254 petition, over which this Court lacks jurisdiction unless the Eleventh Circuit Court of Appeals has authorized such filing.  *Id*. at 5-6.

In reply, Martin asserts his Rule 60(b)(6) motion "raised one ground which concerned his Trial Counsel, Appella[te] Counsel and Postconviction Counsel ineffectiveness that resulted in the [state] Trial Court relying on an impermissible sentencing factor under the PRR statute that was not an enumerated offense" and "this was error that was obvious and appeared that Trial Counsel failed to object to and had counsel objected to the error it would have been reserved for appella[te] review," and thus "Petitioner was deprived of his right to appeal because of error."  ECF No. 19 at 1-2.  He asserts Respondent did not address this claim.  *Id*. at 2.

## Analysis

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007); *see* Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  "The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it:  (1) 'seeks to add a new ground of relief'; or (2) 'attacks the federal court's

previous resolution of a claim *on the merits*.'" Williams, 510 F.3d at 1293-94 (quoting Gonzalez, 545 U.S. at 532). "Where, however, a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition." *Id*. at 1294 (quoting Gonzalez, 545 U.S. at 532).

Specifically, Rule 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for the following reasons:

- (1) mistake, inadvertence, surprise, or excusable neglect;

- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

- (4) the judgment is void;

- (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

- (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see, e.g.*, Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) ("Under Rule 60(b)(1), a party may seek relief based on 'mistake,

inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment. Finally, Rule 60(b)(6) provides a catchall for 'any reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."). A motion filed under the catchall provision of Rule 60(b)(6) must be filed within a "reasonable time . . . after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1), and must "show 'extraordinary circumstances' justifying the reopening of a final judgment," Gonzalez, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." Gonzalez 545 U.S. at 535. Moreover, "[e]ven where the Rule 60(b) motion demonstrates sufficiently extraordinary circumstances, 'whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1210 (11th Cir. 2014) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000)).

More particularly, "[w]hile Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, in cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AEDPA requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition." Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011); *see* 28

Page **8** of **11**

U.S.C. § 2244(b)(3)(A); Gonzalez, 545 U.S. at 524. As the Eleventh Circuit explained in Franqui,

> The Supreme Court's decision and opinion in Gonzalez are instructive on this issue. The Supreme Court said that a habeas petitioner filing a 60(b) motion should be held to the standards of section 2244(b) if his motion contains a "claim" as that term is used in that section – that is, "an asserted federal basis for relief from a state court's judgment of conviction."

638 F.3d at 1371 (quoting Gonzalez, 125 S.Ct. 2647 – U.S. cite?).

In this case, this Court denied on the merits five of the six claims Martin raised in his 2003 § 2254 petition; the remaining claim, alleging a due process violation "because there was insufficient evidence to support a conviction" on the resisting arrest count, was found to have been procedurally defaulted. ECF Nos. 5 and 6. In his Rule 60(b) motion, Martin attempts to raise a new claim – that is, he alleges he is entitled to relief from his state court criminal judgment and sentence due to ineffectiveness of his trial, appellate, and post-conviction attorneys. ECF No. 10; *see* ECF No. 19. Martin points out "no defect in the integrity of the federal habeas proceedings that would render his Rule 60(b) motion permissible." Franqui, 638 F.3d at 1374; *see* Gonzalez, 545 U.S. at 532. *See also, e.g.*, Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009) ("Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect

in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel.").

"Where the federal habeas court has already denied the habeas petition on the merits, 'an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Franqui, 638 F.3d at 1372 (quoting Gonzalez, 545 U.S. 532 n.5). Indeed, Martin's Rule 60(b) motion essentially seeks "to obtain review on the merits of an additional claim for habeas relief, which disqualifie[s] it as a valid Rule 60(b) motion." Ruff v. Fla. Dep't of Corr., 831 F. App'x 483, 484 (11th Cir. 2020) (citing Franqui, 638 F.3d at 1371-72, and construing "district court's order denying the motion as a dismissal for lack of jurisdiction and affirm[ing] with that understanding"). *See, e.g.*, Thomas v. Florida, 706 F. App'x 653, 654-55 (11th Cir. 2017) (affirming district court's dismissal of Rule 60(b) motion as successive § 2254 petition).

## Conclusion

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 10) be **DISMISSED** for lack of jurisdiction as an unauthorized successive § 2254 petition.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion (ECF No. 10) filed by Petitioner Martin be **DISMISSED for lack of jurisdiction** as it constitutes an unauthorized successive § 2254 petition. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2023.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**